United States District Court
Southern District of Texas

**ENTERED**

June 02, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH-JERREL SAM, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-2988 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| EASY HONDA, *et al,* | § | |
| Defendants. | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Joseph-Jerrel Sam proceeds here *pro se.* He brings numerous claims under federal and state law against Defendants Easy Honda and Exeter Finance LLC, for what he characterizes as a "fraudulent automobile sales and financing transaction." Dkt 42 at ¶1. Defendants moved to dismiss all claims under Rule 12(b)(6). Dkts 47 & 49.

The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 7. She issued a Report and Recommendation recommending that the motions to dismiss be granted and that all claims against Defendants be dismissed with prejudice. Dkt 78 at 17. She further recommends that all other pending motions by denied as moot. Ibid.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing

*Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 82. Among other things, he claims that the Magistrate Judge committed legal error by characterizing this action as a "vehicle-repossession case," applying the wrong legal standard for forgery claims, and determining that each count in the first amended complaint failed to plausibly state a claim under Rule 12(b)(6).

Upon *de novo* review and determination, Plaintiff's objections wholly lack merit. He objects to the recommendation characterizing this matter as a "vehicle-repossession case," asserting that such characterization is "contradicted by the docket" and resulted in "substantive error" by purportedly disregarding record evidence. Dkt 82 at 9. To the contrary, the well-reasoned Report and Recommendation carefully articulates why each of the legal theories advanced by Plaintiff lack any legal merit and must thus be dismissed. Dkt 78 at 6–17. Nor do the objections otherwise demonstrate any legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Report and Recommendation of the Magistrate Judge are OVERRULED. Dkt 82.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 78.

The motion by Defendant Exeter Finance LLC, to dismiss is GRANTED. Dkt 47.

The motion by Defendant Easy Honda to dismiss is GRANTED. Dkt 49.

The request by Plaintiff to further amend his complaint is DENIED. See Dkt 82 at 17. Further amendment would be futile.

All claims by Plaintiff Joseph-Jerrel Sam are DISMISSED WITH PREJUDICE.

All other pending motions are DENIED AS MOOT.

A final judgment will enter separately.

SO ORDERED.

Signed on ___June 01, 2026___, at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge

3